UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DENNIS BURTON UNDERWOOD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CLARK COUNTY BOARD OF<br>COMMISSIONERS *et al.*,<br><br>　　　　　Defendants. | Case No.  C07-5217RJB<br><br>REPORT AND<br>RECOMMENDATION<br><br>**NOTED FOR:**<br>**July 27, 2007** |

　　This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Before the court is plaintiff's motion to show cause and for a preliminary injunction (Doc. # 5).  The court ordered a response and defendants complied (Doc. # 14).  Having reviewed the file the court recommends the motion for injunctive relief be **DENIED**.

## FACTS

　　The plaintiff seeks service addresses for five additional defendants.  He names these defendants on page three of his complaint and in his motion (Doc. # 4, page 3 and Doc. # 5, page 1).  Three other defendants have already been served and appeared in this action.  All defendants are either Clark County employees or Clark County entities.  The defendants who have appeared indicate the address they were served at should work as a

REPORT AND RECOMMENDATION
Page - 1

service address for the remaining five persons plaintiff wishes to serve.  Defendants note it is plaintiff's duty to take the steps needed to perfect service (Doc. # 14).   Thus, plaintiff must either properly serve the five remaining persons or present the court with a motion and copies of the complaint and service documents.

## DISCUSSION

The basic function of injunctive relief is to preserve the status quo ante litem pending a determination of the action on the merits.  Los Angeles Memorial Coliseum Com'n v. National Football League, 634 F.2d 1197, 1200 (9th Cir. 1980).  A party seeking injunctive relief must fulfill one of two standards, the "traditional" or the "alternative."  Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987).

> Under the traditional standard, a court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

Id. (citations omitted).

Plaintiff's argument meets neither standard.  The plaintiff seeks information on how to serve correctional staff who works at the Jail.  He has been informed the address he used for the other defendants should work.  There is no showing of injury and this issue does not touch on the merits of the litigation.  The motion should be **DENIED**.  A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **July 27, 2007**, as noted in the caption.

DATED this 3 day of July, 2007.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge