UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENNIS UNDERWOOD,

　　　　Plaintiff,

　　v.

CLARK COUNTY BOARD OF
COMMISSIONERS, *et al.*,

　　　　Defendants.

Case No. C07-5217RJB

ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

　　This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. Before the court is plaintiff's motion for leave to file an amended complaint (Dkt # 29). Some of the named defendants in this action filed an answer on July 23, 2007, (Dkt # 19). A scheduling order was then entered (Dkt # 20). The scheduling order sets a discovery cut off date of January 25, 2008.

　　Plaintiff does not provide a copy of any proposed amended complaint along with his motion. This alone would be grounds for denial of the motion. Plaintiff does however explain in his motion to amend that he wishes to add a new claim alleging that the prosecutor in his criminal case covered the microphone at some point during the trial so his allegedly improper comments on the evidence would not be recorded (Dkt. # 29, page 1 and 2). Plaintiff claims the "transcriptionist" has falsified the record and seeks to name her as an additional defendant (Dkt. # 29)

　　The original complaint challenged Clark Counties law library policies and plaintiff's access to

ORDER - 1

the library (Dkt # 4). While the claim arose out of plaintiff's criminal trial, the propriety of his conviction and sentence were not at issue. The proposed amendment to the case would place the validity of plaintiff's conviction in question.

When a person confined by the state is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies **has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.**" Heck v. Humphrey, 512 U.S. 477, 487 (1994)(emphasis added). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' *Id*. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* Edwards v. Balisok, 520 U.S. 641 (1997)).

Plaintiff's motion to amend the complaint is **DENIED.**

The Clerk of Court is directed to send a copy of this Order to plaintiff, and to counsel for defendants.

DATED this 22 day of October, 2007.

　　　　　　　　　　　　　　　　/S/ *J. Kelley Arnold*
　　　　　　　　　　　　　　　　J. Kelley Arnold
　　　　　　　　　　　　　　　　United States Magistrate Judge

ORDER - 2