UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENNIS UNDERWOOD,

    Plaintiff,

    v.

CLARK COUNTY BOARD OF COMMISSIONERS, *et al.*,

    Defendants.

Case No. C07-5217RJB

ORDER DENYING PLAINTIFF'S MOTION SUBPOENAS DECUS TECUM

    This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. Before the court is plaintiff's motion asking the court to issue subpoenas *Decus Tecum* (Dkt. # 43).

    Plaintiff asks for subpoenas compelling the Clark County District Court to give him the names and addresses for all the jurors in his criminal trial. Plaintiff states he needs this information to help him prove that the prosecutor called him a liar in closing argument (this is an issue plaintiff attempted to raise in an amended complaint that the court did not allow). The original complaint challenged Clark Counties law library policies and plaintiff's access to the library (Dkt # 4). While the claim arose out of plaintiff's criminal trial, the propriety of his conviction and sentence were not

ORDER - 1

at issue.

Plaintiff may not use a civil rights action to challenge the propriety of his criminal conviction. As the court stated in the order denying plaintiff's attempt to amend the complaint:

> When a person confined by the state is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies **has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.**" Heck v. Humphrey, 512 U.S. 477, 487 (1994)(emphasis added). The court added:
> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.
> Id. at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' *Id.* If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* Edwards v. Balisok, 520 U.S. 641 (1997)).

(Dkt. # 32). The information plaintiff is seeking is not germane to this action. Plaintiff's motion is **DENIED.**

The Clerk of Court is directed to send a copy of this Order to plaintiff, and to counsel for defendants.

DATED this 13 day of December, 2007.

　　　　　　　　　　　　　　　　　　/S/ *J. Kelley Arnold*
　　　　　　　　　　　　　　　　　　J. Kelley Arnold
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

ORDER - 2